IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID B.,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:25-cv-00191-CMR<br><br>**MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING ALJ DECISION**<br><br>Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 8). 28 U.S.C. § 636(c). Plaintiff David B. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 9), the parties' briefs (ECF 11, 17, 19), the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby GRANTS Plaintiff's Motion for Review of Agency Action (ECF 11) and REVERSES and REMANDS the decision of the Commissioner.

## I.  BACKGROUND

Plaintiff was 41 years old on his disability onset date of December 2, 2022 (Tr. 84). Plaintiff filed an application for DIB on December 29, 2022, alleging disability due to herniated disk, shoulder problem, diabetes, depression, attention deficit hyperactivity disorder (ADHD), dyslexia, back problem, and acid reflux (Tr. 84).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 14–34). *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated October 24, 2024, the ALJ determined at step two that Plaintiff had severe impairments of diabetes mellitus type II, ADHD, and other anxiety disorders (Tr. 21). The ALJ found that Plaintiff's dyslipidemia, back pain, hypertension, gastroesophageal reflux disease, and left shoulder problems were non-severe impairments (*id.* at 21–22). The ALJ did not include any findings regarding impairments that were not medically determinable impairments. The ALJ considered Plaintiff's diabetes and obesity under the relevant listings at step three, finding the criteria not met (*id.* at 23). The ALJ considered Plaintiff's mental impairments under Listings 12.06 and 12.11 finding mild limitations in understanding, remembering, or applying information; and moderate limitation in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (*id.* at 24).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform medium work with additional limitations including: "He can understand, remember, and carry out detailed but not complex instructions. He can occasionally interact with the public. He cannot perform work requiring a specific production rate, such as assembly line work or work that involves hourly quotas. He can deal with only occasional changes in a routine work environment" (Tr. 25). At step four, the ALJ found that, given this RFC, Plaintiff is unable to perform past relevant work as auto parts clerk and data entry clerk (*id.* at 34). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including industrial cleaner, automobile dealer, and laundry worker, all medium, unskilled work (*id.* at 34–35). The ALJ therefore concluded that he was not disabled and denied disability benefits (*id.* at 36). The ALJ decision became the Commissioner's

final decision when the agency's Appeals Council denied her request for review. *See id.* § 404.981. The court has jurisdiction under 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 103, 108. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## III.    DISCUSSION

On appeal, Plaintiff asserts that the ALJ erred in not addressing whether Plaintiff's low intellectual functioning was a medically determinable impairment or severe impairment at step two, which then impacted the subsequent steps, including the RFC determination (Pl. Br. at 12). The Commissioner responds that any step two error is harmless because the ALJ found other severe impairments and continued through the sequential evaluation process (Def. Br. at 5).

Before the ALJ determines whether an impairment is severe, the ALJ must make the threshold determination of whether the claimant has a medically determinable impairment (MDI).

20 C.F.R. § 404.1521. Under this standard, the MDI "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* This means that "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source," and the claimant cannot rely solely on his "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." *Id.* Plaintiff bears the burden of proving that an MDI meets the regulatory framework definition of severe. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997).

An impairment or combination of impairments is severe when it "significantly limits [his] ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe if it does not significantly limit one's physical or mental ability to do basic work activities that include understanding, carrying out and remembering simple instructions, using judgment, responding appropriately to supervision and coworkers in the usual work situations, and dealing with changes in routine work setting. *See* 20 C.F.R. § 404.1522. A claimant must only make a "de minimus" showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).

Here, Plaintiff argues that the ALJ erred in failing to address whether Plaintiff's low intellectual functioning is a medically determinable impairment or severe impairment (Pl. Br. at 12). Plaintiff points to the medical opinions of reviewing psychologists Dr. Tanya Colledge (Dr. Colledge) and Dr. Alison Parsons (Dr. Parsons), both of which are acceptable medical sources, as well as Plaintiff's own testimony about his symptoms (*id.* at 13). As noted by Plaintiff, Dr. Colledge opined that Plaintiff has a "low average range of intellectual functioning" as well as "weaknesses on tasks that assesses his short-term auditory memory, basic math skills and processing speed" (Tr. 496–97), and the ALJ found Dr. Colledge's opinions to be persuasive (Tr.

33). Plaintiff also points to Dr. Parsons' opinion, which includes a Full-Scale IQ test result of 77 and states that Plaintiff "reported the consistent reason for [job] termination is his being too slow" (Tr. 385–87).

Here, the ALJ did not make a finding that Plaintiff's low intellectual functioning was a medically determinable impairment or not, and it would be improper for the court to reweigh the evidence to make an initial determination on this issue. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (The court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's[.]"). In reviewing under the substantial evidence standard, "the court is mindful that '[t]he ALJ's decision should be evaluated based solely on the reasons articulated in the decision.'" *See Ann S. v. Kijakazi*, No. 2:20-cv-00841-JCB, 2022 WL 204596, at *3 (D. Utah Jan. 24, 2022) (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1084–85 (10th Cir. 2004)). The ALJ's step-two findings in this case do not reflect that the ALJ adequately considered Plaintiff's low intellectual functioning. Although the ALJ referenced Plaintiff's Full-Scale IQ result as being in the "low average of intellectual functioning" in the RFC analysis (Tr. 30), it is unclear whether the ALJ sufficiently considered any associated cognitive impairments whether severe or non-severe given that none were mentioned at step two. To conclude otherwise would require mere speculation regarding the ALJ's analysis. Remand is therefore necessary for the ALJ to properly evaluate Plaintiff's low intellectual functioning at step two and subsequent steps if necessary.

The Commissioner argues any error at step two is harmless because the ALJ found other impairments severe and proceeded to the other steps of the sequential evaluation process. The court disagrees because, as discussed above, there was insufficient analysis from the ALJ addressing Plaintiff's low intellectual functioning at step two, which could have impacted the ALJ's RFC determination. Plaintiff relies on cases holding that "the omission of a discussion

regarding [the Plaintiff's] non-severe impairments demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p." *See Janet K. C. v. Kijakazi*, No. 22-CV-111-JFJ, 2023 WL 3582540, at *4 (N.D. Okla. May 22, 2023) (reversing and remanding because "the ALJ did not explain what, if any, work-related limitations resulted from [claimant]'s non-severe borderline intellectual functioning"); *see also Simmer v. Kijakazi*, No. CIV-21-361-GLJ, 2022 WL 17831396, at *2 (E.D. Okla. Dec. 21, 2022) (reversing and remanding because the ALJ failed to develop the record regarding low IQ, failed to properly incorporate the expert opinion into the RFC, and failed to properly specify the RFC limitations when using "the imprecise term 'limited ability' with regard to his ability to read, write, and do math"). The court finds that the caselaw relied upon by Plaintiff supports finding harmful error where, as here, there is insufficient analysis at step two.

## IV.   CONCLUSION AND ORDER

For the reasons above, the Commissioner's decision is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Decision and Order. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 16 March 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah